BC

RECEIVED
GMC
4/30/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN A. CROFOOT,<br>*Plaintiff,*<br><br>v.<br><br>Cook County, Illinois<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.** _____<br><br>**Judge:** _____<br><br>**1:26-cv-05025**<br>**Judge Martha M. Pacold**<br>**Magistrate Judge Maria Valdez**<br>**RANDOM / Cat. 2** |

# <u>COMPLAINT</u>

### I. TO THE HONORABLE JUDGE AND JURY:

1. Plaintiff Brian A. Crofoot, pro se, brings this action in the oldest American tradition – the citizen's petition to law and conscience for a redress of grievances.

### II. JURISDICTION AND VENUE

2. This action arises under 42 U.S.C. § 1983 for violation of Plaintiff's First Amendment rights.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Brian A. Crofoot is a resident of Chicago, Illinois, and employed as an Environmental Engineer II by the Cook County Department of Environment and Sustainability.

5. Defendant Cook County is a municipal corporation.

### IV. DEMAND FOR TRIAL BY JURY

6. Plaintiff exercises his Constitutional right to a trial by jury on all issues.

**V. FACTS**

7. Suzanne Malec-McKenna is the Director of the Department of Environment and Sustainability and acted under color of state law. Christopher Antonopoulos is a Manager in the Department and acted under color of state law.

8. On January 19, 2026, Plaintiff filed a federal RICO complaint in this District (Case No. 1:26-cv-00672) alleging private wrongs by third parties. That complaint included **Marquee Exhibits (**docketed February 12, 2026) documenting photographic evidence of a drenched 200-amp electrical panel directly above a gas main in a multi-residential building, coordination letters between the defendants, and related racketeering activity (the "Protected Activity").

9. Immediately after filing, and in direct response to the Protected Activity and the Marquee Exhibits, Defendant engaged in a pattern of adverse employment actions, including but not limited to those in *Exhibit F* (docketed March 20, 2026) and subsequent actions *(Exs. A)*:

    a. Isolation in an empty office,

    b. Banning Plaintiff from ALJ hearings on his own tickets,

    c. Intentional sabotage of OnBase access,

    d. Denial of leave,

    e. Public fraud accusations regarding his professional license,

    f. Interfering with his professional license,

    g. Continuing union dues after withdrawal, and

    h. Scheduling of disciplinary/termination hearings with suspicious timing *(Ex. A)*.

10. On March 31, SEIU's Irvina Anthony rejected Plaintiff's grievances *(Ex. B)*.

## VI. CLAIM FOR RELIEF

### Count 1 – 42 U.S.C. § 1983 – First Amendment Retaliation

11. Plaintiff engaged in protected petition clause activity by filing the federal RICO lawsuit and attaching the Marquee Exhibits.

12. Defendant took multiple adverse employment actions against Plaintiff.

13. There is a direct causal connection between the Protected Activity and the adverse actions (temporal proximity + pattern of retaliation).

14. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, emotional distress, professional harm, and other injuries.

## VII. PRAYER FOR RELIEF

15. Plaintiff respectfully requests judgment against Defendant in the amount of **$75,000,000** (Seventy-Five Million Dollars) in compensatory damages, plus punitive damages where available, attorney's fees and costs pursuant to 42 U.S.C. § 1988, injunctive relief as appropriate, and any other relief the Court deems just and proper.

16. For in the end, law may guide, but conscience is all.

17. **Respectfully submitted,**

s/ Brian A. Crofoot, Pro Se

**Address:** 4180 N. Marine Dr. #1501, Chicago, Illinois, 60613

**Email:** crofoot.bc@gmail.com          **Phone:** 440-258-0207

**Dated:** April 30, 2026

## VIII. Exhibits List

**Exhibit A**.         Communications between Plaintiff and DES Management and others

(March - May 2026).

**Exhibit B.**         Communications between SEIU and Plaintiff (March - April 2026)

**Marquee Exhibits**   Photos and key coordination documents, Docket #14, Crofoot v Liberty

Mutual et al, 2026 (N.D. Ill. 1:26-cv-00672)

**Exhibit F.**         Third Party Interference documentation, Docket #34, Crofoot v Liberty

Mutual et al, 2026 (N.D. Ill. 1:26-cv-00672)

## IX. VERIFICATION

**A.** I, Brian Alan Crofoot, being first duly sworn on oath, state that I have read the foregoing Complaint and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

**B.** **Representations to the Court:** Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

3. The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. The Complaint otherwise complies with the requirements of Rule 11.

_____, this _____30_____ day of _____April_____, 2026.
BRIAN ALAN CROFOOT, Plaintiff