BC

FILED
9/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AW

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN A. CROFOOT, *Plaintiff,* | ) | **Case No.** 1:26-cv-05025 |
| | ) | **Hon. Judge: Martha Pacold** |
| v. | ) | |
| | ) | |
| COOK COUNTY, ILLINOIS, *Defendant.* | ) | |

# Second Amended Complaint

**I. TO THE HONORABLE JUDGE, JURY, AND DEFENDANT:**

1. Plaintiff Brian A. Crofoot, pro se, brings this Second Amended Complaint pursuant to the Court's August 25, 2026 order and states as follows:

**II. INTRODUCTION**

2. Plaintiff brings this action for First Amendment retaliation under 42 U.S.C. § 1983 and for violation of the Illinois Whistleblower Act arising from a common nexus of facts between August 2025 and May 2026.
3. This Second Amended Complaint replaces the First Amended Complaint and deletes the former Count 3 (common-law retaliatory discharge). Plaintiff continues to pursue Count 1 and Count 2 only.

**III. JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claim pursuant to 28 U.S.C. § 1367.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV. PARTIES

6. Plaintiff **Brian A. Crofoot** is a former resident of Chicago, Illinois, and was employed as an Environmental Engineer II by the Cook County Department of Environment and Sustainability between May 5, 2025 until May 9, 2026.

7. Defendant **Cook County** is an Illinois municipal corporation.

## V. DEMAND FOR TRIAL BY JURY

8. Plaintiff prefers settlement. But Plaintiff demands a trial by jury on all issues so triable.

## VI. FACTS

9. **Suzanne Malec-McKenna** was the Director of the Department of Environment and Sustainability. **Christopher Antonopoulos** was Plaintiff's Manager in the Department from January 12, 2026, to May 2026. Both acted under the color of state law.

10. On January 19, 2026, Plaintiff filed a federal civil RICO complaint in this District (Case No. 1:26-cv-00672) against Liberty Mutual, BJB Properties, and related parties arising from a sewage incident that damaged electrical systems in a multi-unit residential building, including a 600-amp main supplying multiple apartments, involving the apartment where Plaintiff formerly resided in the City of Chicago. That complaint included **Marquee Exhibits (**docketed February 12, 2026) and a 2020 ALJ's order (docketed March 20, 2026).

11. Plaintiff provided a copy of that complaint to Director Suzanne Malec-McKenna, Christopher Antonopoulos, and other County personnel on January 20 and January 23, 2026 **(Exhibit F-5,** docketed March 20, 2026).

12. Thereafter, Plaintiff experienced a series of adverse employment actions, including interference with the OnBase system necessary to perform his job, economic pressure

related to a County vehicle, exclusion from meetings, professional license interference **(Exhibit E),** other documented conduct **(Exhibit F),** and subsequent actions **(Exs. B)**:

a. Beginning January 20, 2026: Isolation in an empty office,

b. March 12: Banning Plaintiff from meetings and ALJ hearings on his own tickets,

c. April 14: Chris refused to pay for Plaintiff's asbestos inspector refresher training through third-party OTS (Occupational Training & Supply),

d. April 15: OnBase intentionally made non-functional through backend changes preventing Plaintiff from performing duties (OnBase government permit records),

e. April 27- May 7: Scheduling of disciplinary/termination hearings with suspicious timing,

f. May 5–6: county vehicle vandalised; repair blocked until Plaintiff signed a liability shifting incident report (economic coercion),

g. May 6, 2026 (end of day): Plaintiff captured a screenshot of the OnBase interface completely disabled (*"The User interface is currently disabled"*) immediately after Chris's 3:33 PM email falsely claiming *"the issue was resolved."* **(Exhibit G)**.

13. On May 5, 2026, Plaintiff sent an email declining a scheduled disciplinary meeting. In that email Plaintiff expressly stated that he believed the meeting was retaliatory in light of his protected federal activity **(Ex. A-2).**

14. On May 7, 2026, Director Suzanne Malec-McKenna issued and signed a Final Written Warning that expressly referenced Plaintiff's lawsuit against Liberty Mutual **(Ex. A-1).**

15. The cumulative effect of the adverse actions, culminating in the May 7 Final Written Warning, rendered continued employment untenable. Plaintiff resigned effective May 9, 2026.

16. In October 2025, before Plaintiff filed his civil RICO lawsuit, Defendant's Renante Marante coordinated with the Illinois Department of Public Health (Eric Culbertson) to issue Plaintiff's asbestos inspector professional license with a picture of five kittens instead of a standard professional photograph **(Exs. E-1, E-3).** This license, issued with the knowledge and consent of Plaintiff's then-manager, Renante Marante, was designed to undermine Plaintiff's professional credibility.

17. Before Plaintiff filed his civil RICO lawsuit, on January 15, 2026, Christopher Antonopoulos publicly accused Plaintiff of *'kitten fraud,'* falsely suggesting that Plaintiff had fraudulently obtained or altered his own professional license - when in fact management themselves had coordinated with IDPH to place the kittens on the license **(Ex. F-5).**

18. On February 4, 2026, as part of the coordinated scheme, Defendant's Antonopoulos requested IDPH to *'reissue'* Plaintiff's license **(Exs. E-2, E-4),** creating the false impression that there had been a problem with Plaintiff's credentials that required state intervention. This synchronized coordination on the same-day the Illinois Department of Insurance/ AG blocked service on Liberty Mutual demonstrates a unified government conspiracy to retaliate against Plaintiff for exercising his First Amendment rights **(Ex. F-11).**

19. The aforementioned adverse actions occurred despite Plaintiff's documented positive performance. Plaintiff wrote 80% of the division's citations (February 11, 2026 Meeting with Chris Antonopoulos and Plaintiff's previous manager Renante Marante, **Ex. H).**

20. After Plaintiff's resignation, Defendant continued taking adverse actions, including blocking Plaintiff's unemployment claim (June 1) and withholding the refund of Plaintiff's pension contributions (May through August 2026), synchronized with key docket events.

## VII. CLAIMS FOR RELIEF

### Count 1 – First Amendment Retaliation (42 U.S.C. § 1983)

21. Plaintiff realleges and incorporates paragraphs 1 through 20.
22. Plaintiff engaged in protected First Amendment activity by filing the federal RICO action and by providing the complaint to County officials, docketing exhibits, and by sending the May 5, 2026 email documenting his belief that further discipline was retaliatory.
23. Defendant took adverse employment actions against Plaintiff, including the May 7, 2026 Final Written Warning signed by the Director that expressly referenced the prior lawsuit, interference with job systems, and other documented conduct **(Exs. A).**
24. The adverse actions were motivated by Plaintiff's protected activity **(Marquee Exhibits)**.
25. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, emotional distress, professional harm, and other injuries.

### Count 2 – Illinois Whistleblower Act (740 ILCS 174/15 & 20)

26. Plaintiff realleges and incorporates paragraphs 1 through 20.
27. Plaintiff disclosed information he reasonably believed showed violations of law, rule, or regulation **(Exs. F,** manipulation of government records and professional licenses, abuse of authority for retaliatory/ intimidatory purposes), issues affecting public safety **(Marquee Exhibits)**, and refused to participate in what he believed was a retaliatory scheme.
28. Defendant took adverse employment actions against Plaintiff because of those disclosures and refusals **(Exs. A and E).**
29. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, emotional distress, professional harm, out of state relocation, and other injuries.

## VIII. PRAYER FOR RELIEF

30. **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Counts 1 and 2, and award:

    a. Statutory damages to the extent permitted by law including 740 ILCS 174/30;

    b. Compensatory damages in an amount to be determined at trial;

    c. Punitive damages to the extent permitted by law;

    d. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable statute;

    e. Such other and further relief as the Court deems just and proper.

31. *For in the end, law may guide, but conscience is all.*

**Respectfully submitted,**

/s/ Brian A. Crofoot, Pro Se

**Address:** 3847 Lorain Ave., Lorain, OH 44055

**Email:** crofoot.bc@gmail.com

**Phone:** 440-258-0207

**Dated:** September 1, 2026

**IX. Exhibits List**

**Marquee Exhibits** Photos of damage and key coordination documents, **Docket #14,** *Crofoot v. Liberty Mutual Personal Insurance Company, 1:26-cv-00672, (N.D. Ill.).*

**Exhibit A**. Plaintiff's May 5, 2026 email declining disciplinary meeting; Director Malec-McKenna's May 7, 2026 Written Reprimand **(Docket #7).**

**Exhibit B.** Coordination Diptych: Two-panel Diptych showing Timeline of Events and associated records, notes, communications between Plaintiff and Management, October 2025 - May 2026.

**Exhibits E.** Professional Asbestos Inspector License Manipulation Exhibits **(Dkt 7):**

**Ex. E-1:** Plaintiff’s Kitten license (October 29, 2025).

**Ex. E-2:** Plaintiff’s Reissued license (February 4, 2026).

**Ex. E-3:** October 22, 2025 email between IDPH’s Eric Culbertson and Renante Marante regarding Plaintiff’s license application.

**Ex. E-4:** Chris's emails re: *"kitten fraud"* accusations to IDPH (Jan. 2026).

**Exhibit F.** Third Party Interference documentation, **Dkt #34,** *Crofoot v. Liberty Mutual Personal Insurance Company, 1:26-cv-00672, (N.D. Ill.).*

**Exhibit G.** Additional January - August 2026 documentation — vehicle incident form, OnBase screenshots, Chris's & Plaintiff’s emails, etc.

**Exhibit H.** February 11, 2026, notes from the meeting between Marante, Antonopoulos, and Plaintiff showing Plaintiff had 80% of the division’s citations and good performance (assigned by management, **Dkt 7).**

## X. VERIFICATION

**A.** I, Brian Alan Crofoot, being first duly sworn on oath, state that I have read the foregoing Complaint and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

**B.** **Representations to the Court:** Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
2. Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;
3. The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
4. The Complaint otherwise complies with the requirements of Rule 11.

Brian A Crofoot, this 1 day of September, 2026.
BRIAN ALAN CROFOOT, Plaintiff

## CERTIFICATE OF SERVICE

I, Brian Alan Crofoot, hereby certify that on September 1, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

Brian A Crofoot
______________________

/s/ Brian Alan Crofoot, Pro se Plaintiff